## WINDMULLER v. CLARKSON et al.

(Third Division.   Valdez.   November 21, 1904.)

No. 91.

1. MINES AND MINERALS—LOCATION OF PLACER CLAIM—RIGHTS AC-
QUIRED.

When a miner has (1) marked, (2) recorded, and (3) discov-
ered, in accordance with the law and the local rules and regu-
lations, he acquires a fixed property right and title to a placer
mining claim, good against the world, though the paramount title
and fee thereto remains in his trustee, the United States.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mines and
Minerals, §§ 66, 68.]

2. MINES AND MINERALS—PARTNERSHIP—CREATION.

Plaintiff and defendants were prospectors and companions on
the same stampede.   They sledded their grub together from Val-
dez to the Sushitna river, camped and cooked at the same fire,
and when they separated on the Sushitna to prospect for creeks
agreed to locate for each other in case they found any.   Defend-
ants found a mineral-bearing creek, and jointly located a group of
placer mines, which proved to be valuable.   They also located a
separate claim on the same creek for the plaintiff, which proved
to be worthless.   *Held*, that such agreements and acts did not
give the plaintiff any interest in defendants' claims; that he
had no contract for any interest therein, and his prayer for relief
was denied.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mines and
Minerals, § 222.]

This is a suit to enforce specific performance of a contract
for the joint location of placer mining claims, and to declare
the defendants trustees for the plaintiff's interest in four placer
mines on the Sushitna river, so located by them, under the
contract whereby plaintiff claims a one-fifth interest therein.

Brown & Smith, for plaintiff.

Goodell & Edwards and J. A. Carson, for defendants.

WICKERSHAM, District Judge.   When a miner has made
a discovery of gold on his claim, has marked its boundaries

so that they can be readily traced, and recorded the notice of location, all prior to the attaching of intervening rights, he has acquired a fixed property right and a title thereto good and complete against all the world, though the paramount title and fee thereof is in his trustee, the United States. His title can only be defeated by a failure on his part to comply with the mining laws, regulations, and rules. His title may be sold, conveyed, mortgaged, and will descend to his heirs by will or the law of descent in the same way as if it were patented. Copper River Min. Co. v. McClellan, supra, p. 134.

The defendants in this case located the mining claims in dispute by a joint location notice. Four or more—not exceeding eight—persons may combine, and take each a full placer mining claim by a joint location notice; they did so in this case. The plaintiff alleges that, prior to the location by the defendants, he became a partner with them in the location of claims in that vicinity, and that by reason of their oral contract and the acts of the parties he became, and now is, in equity the owner of a one-fifth interest in the claims so located by them.

The defendants deny that they entered into any contract with the plaintiff whereby he was to have any interest in their claims. Their evidence shows, and the court finds, that after all parties reached the Sushitna river, where all had gone on a stampede, they agreed among themselves and with plaintiff that whenever any of the party should locate a creek, that each member of the party should be staked in on the locations by the discoverers. It appears that the plaintiff, accompanied by Barney and McLaren, went down stream on a prospecting trip. They took the names of those who went up stream. The defendants went up stream, taking the names of plaintiff and his companions. Each party agreed that if a creek was located the other party should be staked on the creek. The defendants, going up stream, located Valdez creek, discovered gold thereon, and staked the joint location for themselves, and also

staked another claim for plaintiff. Defendants' claims proved to be of value; that staked for the plaintiff worthless. There was also some testimony that the plaintiff remained at the party's cache to watch it while the defendants washed up a quantity of gold, and that they divided this gold with plaintiff, giving him an equal portion with each of them. This is all the evidence of a contract relied upon by plaintiff.

It is not sufficient. Before the court would be justified in entering a decree for plaintiff, he must establish his contract by clear, convincing, and satisfactory evidence, and that he does not do. A court of equity will not adjudge the locator of a placer mining claim, who is in peaceable possession thereof under a clear record title, to be a trustee of that title and property for another, upon an alleged prior oral contract to locate it for the other, or to give him an interest therein, unless the case is established by full, clear, and satisfactory evidence. Hopkins v. Grimshaw, 165 U. S. 342, 17 Sup. Ct. 401, 41 L. Ed. 739, citing with approval Prevost v. Gratz, 19 U. S. (6 Wheat.) 481, 5 L. Ed. 511; Slocum v. Marshall, 2 Wash. C. C. 397; Fed. Cas. No. 12,953; Smith v. Burnham, 3 Sumn. 435, Fed. Cas. No. 13,019.

It is true that plaintiff and defendants were mining prospectors on the same stampede from Valdez to the Sushitna; they sledded their grub together; they camped and cooked at the same fire; they were "pardners" in the sense of being companions. But such acts do not constitute a contract of partnership in the eye of the law, nor do they constitute a contract which would justify the court in decreeing them all to be interested in the titles to placer mining claims located in their individual names. Conceding that defendants jointly located four claims in their joint names and interest by one and the same location notice, it cannot help the plaintiff. He was not included in that notice, and he cannot be held to be an equitable owner therein, in the absence of a specific contract made by

the defendants prior to their location to give him an interest in consideration for his aid or assistance. No such agreement is shown, and judgment must go for defendants.